FILED
2012 Nov-16  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK ERDBERG, individually and for a class of similarly situated persons or entities,** | ) ) ) | |
| | ) | |
| **Plaintiffs;** | ) | **CIVIL ACTION NO.** |
| | ) ) | _____ |
| **v.** | ) ) | |
| **ON-LINE INFORMATION SERVICES, INC.,** a corporation; | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COME NOW, Mark Erdberg (hereinafter "Plaintiffs"), individually and on behalf of those similarly situated, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, by and through their undersigned counsel, and show unto the Court the following:

## JURISDICTION

1.     The Court has jurisdiction over this matter because it concerns a controversy arising under the Constitution of the United States.  28 U.S.C. § 1331. This is a civil rights action, declaratory judgment action, and injunction action brought under 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202, and the United States Constitution.

2.     This Court also has jurisdiction of this action by virtue of 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), authorizing jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce civil rights guaranteed by the United States Constitution.  The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3.     This action also seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2022.

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES TO THE COMPLAINT

5.     The plaintiff Mark Erdberg is an attorney credit cardholder who has been charged a four percent (4%) "convenience fee" by the defendant.  The plaintiff is an individual resident of Jefferson County, Alabama, and licensed to practice law in Alabama.

6.     The class which the individual plaintiffs seek to represent consists of:

> All cardholders who have, at any time since August 1, 2005,
> been charged a "convenience fee" over the required court
> costs in civil actions e-filed in the state of Alabama.

7.     The defendant On-Line Information Services, Inc. (hereinafter "On-Line") is an Alabama corporation doing business in the Northern District of the State of Alabama and which has contracted to provide efiling services and collect court costs

in civil matters in Alabama.

## FACTS

## OVERVIEW

8.      Pursuant to  Ala. Code § 41-1-60 (1975), effective July 1, 2000, state

officers were authorized to accept credit card payments for amounts due their agencies

and to enter into agreements with credit card issuers to facilitate the acceptance of such

payments.  Under subsection (e), the state officers who authorized credit card payments

could impose a surcharge upon persons using credit cards to pay government fees, but

only when allowed by the operating rules and regulations of the credit card involved.

That subsection reads:

> When a party elects to make a payment to state government by credit card
> and a surcharge or convenience fee is imposed, the payment of the
> surcharge or convenience fee *shall be deemed voluntary* by the party and
> shall not be refundable. (*Emphasis added*)

9.      Similarly, Rule 41 of the Rules of Judicial Administration was adopted by

order of the Court effective January 1, 2000 which authorized courts to negotiate and

contract with banks or other financial institutions and third party purchasers of credit

card drafts "provided that the cardholder shall not be charged a fee for the privilege of

paying these assessments, fees, costs, fines, or forfeitures by credit card if the rules and

regulations of the card issuer prohibit the imposition of such a fee."

3

10.     In 2005 an administrative court procedure for electronic filing in civil cases was promulgated and on July 29, 2005, the Supreme Court of the state of Alabama entered  an administrative order to authorize a pilot project for efiling civil matters in certain counties.

11.     Under that administrative procedure, access to the efiling system was voluntary and expressly conditioned upon the attorneys paying court costs by credit card. Though efiling was not then mandatory, the use of the efiling system required the attorney to pay only by credit card for which they were charged an additional four percent (4%) fee over and above the court costs being paid[1].

12.     On May 8, 2006, the administrative procedures were revised and the program was extended with a four percent (4%) "convenience fee" remaining as a requirement for all attorneys using the E-File system.

13.     Despite the prohibition of Rule 41 in the Rules of Judicial Administration, under the E-File program, the credit card user has been charged a four percent (4%) convenience fee from the outset of the program.

14.     Not until July 30, 2012 was Rule 41 of the Rules of Judicial

---

[1] Court costs which would yield a convenience fee less than $1 are charged a $1 convenience fee. This upcharge results in fees exceeding 4%. For example, an alias summons cost $10 in court costs. The $1 "convenience fee" charged for an alias summons is a 10% fee rather than the stated 4%.

Administration amended removing the language which prohibited added fees. The amended rule now only requires compliance with § 41-1-60, Ala. Code (1975). Subsection (b) of the amended rule further provides that "convenience fees" levied for the "privilege" of paying by credit card, shall be taxed as court costs when the costs are taxed by the court.

15.    On September 6, 2012, new administrative procedures for efiling in civil cases were promulgated and adopted by an order of the Supreme Court of the same day. Under those procedures and the court order, electronic filing was for the first time made mandatory upon attorneys in all civil cases after October 1, 2012. As it had been in the past, the only acceptable payment allowed for attorneys is by one of three acceptable credit cards -- Visa, MasterCard or Discover. The manner of payment is remotely handled by placing a card number on file and not by presenting the card to the court clerk. There are no other alternate methods of payment for attorneys. Even though this system is now mandatory, a four percent (4%) "convenience fee" is added to each court cost charged. Under those new administrative policies, the clerk was to document "in the usual manner" the receipt of the four percent (4%) which "may" be taxed as costs under Rule 41. Additionally, as of October 1, 2012, if the clerk maintains a complete copy of the case file in electronic format, no duplicate paper copy is required to be maintained.

16.     As a result, under the current procedures, attorneys practicing in the civil courts of the state of Alabama are required to efile documents and are further required to pay court costs by credit card to which a four percent (4%) convenience is added.

17.     Prior to October 1, 2012, those attorneys could elect to use the efiling system, but nonetheless would have been charged the four percent (4%) fee added to the court costs for the "privilege" of using this system.

18.     The E-File system itself is maintained by the defendant On-Line Information Services, Inc. which services the Alacourt, Alafile and Alapay systems used for efiling and access to court files throughout the state.

19.     In order to efile a matter, attorneys have always been required to use the On-Line Alafile system, scan the documents and properly complete the filing questions. Additionally, filing costs must be paid at the time of efiling through the On-Line Alapay system which accepts only credit card payments through a credit card number posted by the attorney with the system.  Thereafter, the electronic court file can be accessed only through the On-Line Alacourt system.[2]

---

[2] To access the Alacourt system, attorneys must purchase a monthly subscription which only allows the user to view the case action summary sheet.  If the user desires to view actual filed documents in the case, even in cases filed by the user, additional fees are charged by On-Line based upon the number of pages viewed.  Those Alacourt charges, unlike Alafile charges, allow payment by ACH against the law firm bank accounts.

20.     Since 2006, upon information and belief, over 500,000 civil cases have been efiled in Alabama which have each incurred four percent (4%) fees added to each court cost charged to the attorney's credit card.

21.     On-Line Information Services, Inc., upon information and belief, has entered into a contract to provide these services to the court system in the state of Alabama and under that contract administers the efiling system.   On-Line, upon information and belief, then contracts with the credit card companies for the collection of the court costs and the added convenience fees from attorney/cardholders practicing in the civil courts.

## THE PLAINTIFFS

22.     Mark Erdberg is an individual resident of Birmingham, Alabama, who is licensed to practice law in the state of Alabama and who has been practicing in the civil courts of the state since before August 1, 2005.   Mr. Erdberg has used the E-File system both before and since October 1, 2012 and has been charged a "convenience fee" of four percent (4%) of the amount of each court cost charged to his credit card.

## PLAINTIFFS' CLASS ALLEGATIONS

23.     The Class which the named Plaintiff seeks to represent consists of:

> All credit cardholders who have, at any time since August 1,
> 2005, been charged a "convenience fee" or surcharge over
> the required court costs in civil actions efiled in the state of

Alabama.

24.     The members of the Class are so numerous that joinder of all members is impracticable.

25.     As of this time, the exact number in the Class is unknown but would be more than one thousand.

26.     Plaintiffs' treatment by the Defendant is typical of the members of the Class.

27.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation. Plaintiffs have no interests that are adverse or antagonistic to the Class.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by many Class members may be small, the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged.

29.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely members of the Class. Among the questions of law and fact common to the Class are:

        a.      Whether the defendant's charge of a 4% convenience fee to credit

cardholders on each court cost in civil cases is illegal;

b.      Whether the mandatory requirement for attorneys to efile in civil matters and a concomitant requirement for their payment only by credit cards which incurs additional convenience fees, is permissible.

c.      Whether the defendant can lawfully refuse to accept lawful currency of the United States for the payment of civil court costs in the state.

d.      Whether the defendant's charge and collection of a 4% convenience fee for the use of credit cards in the payment of civil court costs violates the merchant agreement with the credit card issuers.

e.      Whether the defendant's refusal to accept payment in any form other than through three select credit cards violates interstate commerce;

f.      Whether the defendant's action in charging a convenience fee for the use of credit cards to pay civil court cost before July 2012 violated Rule 41 of Alabama Rules of Judicial Administration.

30.     The defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31.     Plaintiffs know of no difficulty which will be encountered in the

9

management of this litigation which would preclude its maintenance as a Class Action. The data concerning the Class members and the transaction details and amounts on each charge is largely computerized by the defendant.

32.    The names and addresses of the Class members are a matter of public record and notice can be provided to the Class members via the AlaCourt E-File system itself or other appropriate means as may be directed by the Court.

## COUNT ONE

## DENIAL OF DUE PROCESS

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

33.    The defendant, acting under color of state law, systematically deprived the plaintiffs, and those similarly situated, of their property rights without due process and in violation of Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

34.    The plaintiffs aver that the defendant, acting under color of state law, violated their Constitutional right to due process as guaranteed by the United States Constitution by requiring that all civil cases be e-filed with court costs being paid only by one of only three approved credit cards and by then automatically taking additional fees for access to the court system based upon the mandatory use of credit card

payment.

35.     As a proximate consequence of these Constitutional and other violations, the plaintiffs suffered injuries.

## COUNT TWO

## DENIAL OF EQUAL PROTECTION

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

36.     The plaintiffs aver that defendant, acting under color of state law, violated their Constitutional rights to equal protection as guaranteed by the United States Constitution by mandating that all civil matters be e-filed and simultaneously requiring that all e-filed matters be paid only by selected credit cards for which an additional fee is then charged.

37.     These requirements and additional fees are only imposed upon attorneys and only in civil matters and this unequal treatment bears no rational relation to any legitimate state purpose.

38.     As a proximate consequence of these Constitutional and other violations, the plaintiffs have suffered injuries.

## COUNT THREE

## FEDERAL PREEMPTION OF LEGAL TENDER

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

39.     Under Title 31 U.S.C. 5103, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues..."

40.     Pursuant to the Supremacy clause found in Article 4, Clause 2, the states are preempted in this area and must not infringe upon Congress' exclusive right to declare what constitutes legal tender.

41.     Under  the system operated by the defendant, the *only* means of legal tender to pay court cost is by one of three approved credit cards, the use of which then increases the cost by a factor of 4%.

42.     This restrictive system of the defendant does not allow plaintiffs to pay court costs by United States currency, or even other forms of exchange such as check, money order, ACH transfer, debit card or even by other types of credit cards.

43.     Plaintiffs seek declaratory and injunctive relief to remedy this ongoing violation and pray that the Court will declare the payment system implemented by the defendant is preempted by the federal act defining legal tender, and will enjoin the further requirement of mandatory payment of court costs exclusively by credit card.

12

## COUNT FOUR

## VIOLATION OF INTERSTATE COMMERCE

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

44.     These defendant has systematically applied Ala. Code § 41-1-60 (1975) and Rule 41 of the Rules of Judicial Administration in an unconstitutional fashion denying the plaintiff and the class he seeks to represent constitutionally protected right to engage in services affecting interstate trade free from restrictive state regulation. This system is in violation of the commerce clause found in Article I, Section 8 Clause 3 of the United States Constitution and is actionable under 42 U.S.C. §1983. Interstate commerce is affected due to the required use of credit cards using online transactions.

45.     Under the system maintained by the defendant, the plaintiffs, as practicing attorneys, are denied access to the civil courts of the state to which they are admitted to practice  unless they comply with mandatory efiling and exclusive payment method through one of the approved credit cards for which an additional fee is added.

46.     This restrictive system does not allow plaintiffs to pay court costs by cash, check, money order, ACH transfer, debit card or even by other types of credit cards and results in a restriction of commerce and discrimination against businesses and individuals offering those other forms of payment.

13

47.     This application of statutory and administrative procedure results in an

unconstitutional deprivation of civil rights guaranteed to the plaintiffs and the class they

seek to represent under the Fourteenth Amendment and 42 U.S.C. § 1983.

48.     Plaintiffs seek declaratory and injunctive relief to remedy this ongoing

violation and pray that the Court will declare the system implemented by the defendant

is violative of 42 U.S.C. § 1983 and will enjoin the further requirement of mandatory

payment of court cost exclusively by credit card.

## COUNT FIVE

## THIRD PARTY BENEFICIARY

Plaintiffs incorporate by reference the previous paragraphs and make them a part

hereof.

49.     On- Line operates the efile Alacourt system and the Alapay system for the

Alabama civil court system and accepts payment of costs only by Visa, MasterCard or

Discover.

50.     All three credit card companies accepted by On-Line require merchant

agreements with the merchant accepting the card which sets the terms under which the

merchant can accept the card.

51.     The merchant agreements between On-Line and Visa, MasterCard and

Discover, upon information and belief, all prohibit imposing an additional fee for using

the card as payment.

52.     The MasterCard merchant agreement generally in use makes a concession

for governmental entities.  However, that agreement requires as a condition that the

cardholders must be notified of the convenience fee at the time of payment and be given

the opportunity to opt out to the sale.  The plaintiffs have no option of opting out of this

system for efiling.

53.     Visa's merchant agreement generally prohibits convenience fees unless

it is specifically for the convenience of an "alternative method of payment."  Under

these facts, there are no alternative methods of payment.  Even if there were an

alternative method which would allow a convenience fee, the Visa agreement requires

that the fee be flat or fixed regardless of value of the payment charged.  Under the facts

here, the convenience fee charged is not a flat fee or fixed amount, but instead is a

percentage.   Finally,  the  Visa  agreement  prohibits  convenience  fees  under  any

circumstances if the primary method of acceptance is "card-not present."  Under these

facts, the payment is made through placing a card number on file which is automatically

charged by the system.  These charges are all "card-not present" transactions.

54.     The Discover merchant agreement allows a surcharge on a card sale but

not to exceed the merchant fee payable by the merchant to Discover.

55.     Each  of  these  agreements  also  has  non-discriminatory  language  that

protects its cardholders from being charged fees if other cardholders are not. As a result, the prohibitions in each of these agreements would apply to the other cards as well. Therefore, a "merchant" which accepts both Visa and MasterCard is restricted to charging a flat rate convenience fee, because under these agreements all convenience fees are required to be assessed equally.

56.     The plaintiff cardholders are the intended third party beneficiaries of these merchant agreements.

57.     The defendant has breached the merchant agreements by the imposition of 4% convenience fees on all charges in civil matters and, as a result, the plaintiffs have been overcharged and damaged.

## COUNT SIX

## MONEY HAD AND RECEIVED

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

58.     The defendant On-Line owes the plaintiffs for the 4% convenience fees paid by the plaintiffs and received by On-Line under the Alacourt and Alapay systems on civil efiled matters.

59.     Those added charges are invalid charges in excess of the charges allowed under the merchant agreements and are illegally added to the valid court costs charged

16

to the plaintiff class.

60.     Under this system, there is no alternative payment method for efiling and access to the civil courts such that the plaintiffs are coerced into paying these charges under duress from the lack of alternative access to the efile system. This system, until recent amendments, was also in violation of statutory and administrative provisions enacted to protect the general public using the civil court system.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Court will take jurisdiction of this cause and upon the final hearing:

a.      certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

b.      Award the plaintiffs such actual damages as this Court shall find the plaintiffs have sustained;

c.      Enter an injunction and other declaratory relief which prohibits the defendant from engaging in the violations of law set forth hereinabove;

d.      Award to the plaintiffs and Class members damages under 42 U.S.C. § 1983 equal to any amounts paid by plaintiffs for convenience fees levied due to the use of credit cards in the payment of civil court costs;

17

e.     Award to the plaintiffs and Class the cost of this matter, including

a reasonable attorneys' fee;

f.     Award to the plaintiffs and the Class members such other, further

and more general relief as the Court may deem appropriate under

these circumstances.

RESPECTFULLY SUBMITTED,

_____

G. Daniel Evans
ASB-1661-N76G
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com

Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: ap@evanslawpc.com

D. Lee Hodges
ASB-1843-E34D

18

Attorney for the Plaintiffs
205 North 20th Street, Suite 715
Birmingham, Alabama  35203
Telephone: (205) 251-6306
Fax: (205) 250-7057
E-Mail deanleehodges@aol.com

Plaintiff's address:

c/o The Evans Law Firm, P.C.

Defendant's address:

On-Line Information Services, Inc.
c/o Steven Olensky, Registered Agent
3763 Airport Boulevard
Mobile, Alabama  36608          **PLEASE SERVE BY CERTIFIED MAIL**

19