FILED

2013 Jun-14  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARK ERDBERG, individually and )
for a class of similarly situated persons )
or entities, )
 )
   Plaintiffs; )  CIVIL ACTION NO.
 )
 )  2:12-cv-03883-RDP
v. )
ON-LINE INFORMATION SERVICES, )
INC., a corporation; )
 )
   Defendant )

## MOTION TO AMEND COMPLAINT

Comes now the plaintiff in the above-styled cause, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and moves this Court for leave to file the Amended Complaint attached as Exhibit A.  In support of the motion, the plaintiff would show to the Court as follows:

1. The action was filed on November 16, 2012.

2. The defendant filed its motion to dismiss on January 29, 2013.

3. The parties have not yet undertaken a Rule 26 conference and no discovery has been undertaken with the exception of recently disclosed contract documents filed by the defendant after this Court's Order of June 6, 2013.

4. The proposed amendment presents an additional party who, by virtue of contracts recently produced by the defendant On-Line, has been shown to have an interest encompassed within the same factual setting of the current complaint. The added party is Rich Hobson who is the

Administrative Director of Courts and is the chief administrative officer of the Administrative Office of Courts (hereinafter "AOC") of the State of Alabama. Mr. Hobson under the amended complaint is sued in his official capacity and only for purposes of prospective injunctive relief encompassed within the same factual setting of the current complaint.

5.     The motion comes before any answer by the defendant and before discovery has been undertaken and will work no unfair prejudice to the defendant On-Line.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays that upon consideration of the matter, the Court will grant this motion and approve the filing of the amended complaint by the plaintiff.

RESPECTFULLY SUBMITTED,

s/ G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Attorney for the Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com

s/ Alexandria Parrish
Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail. ap@evanslawpc.com

2

s/D. Lee Hodges
D. Lee Hodges
ASB-1843-E34D
Attorney for the Plaintiffs
205 North 20th Street
Suite 715 Birmingham, Alabama 35203
Telephone: (205) 251-6306
Fax: (205) 250-7057
E-Mail deanleehodgesaol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of June, 2013, I electronically filed the foregoing Motion to Amend Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke
Mary Ann Couch
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

s/ G. Daniel Evans
G. Daniel Evans

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK ERDBERG, individually and for a class of similarly situated persons or entities, | ) ) ) ) | |
| Plaintiffs; | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 2:12-cv-03883-RDP |
| ON-LINE INFORMATION SERVICES, INC., a corporation; RICH HOBSON, | ) ) ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

COME NOW, Mark Erdberg (hereinafter "Plaintiffs"), individually and on behalf of those similarly situated, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, by and through their undersigned counsel, and show unto the Court the following:

## JURISDICTION

1.      The Court has jurisdiction over this matter because it concerns a controversy arising under the Constitution of the United States. 28 U.S.C. § 1331. This is a civil rights action, declaratory judgment action and injunction action brought under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 2201 and 2202, and the United States Constitution.

2. This Court also has jurisdiction of this action by virtue of 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), authorizing jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce civil rights guaranteed by the United States Constitution. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. This action also seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2022.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES TO THE COMPLAINT

5. The plaintiff Mark Erdberg is an attorney credit cardholder who has been charged a four percent (4%) "convenience fee" by the defendant. The plaintiff is an individual resident of Jefferson County, Alabama, and licensed to practice law in Alabama.

6. The class which the individual plaintiffs seek to represent consists of: All cardholders who have, at any time since August 1, 2005, been charged a "convenience fee" over the required court costs in civil actions e-filed in the state of Alabama.

7. The defendant On-Line Information Services, Inc. (hereinafter "On-Line") is an Alabama corporation doing business in the Northern District of the State of

Alabama and which has contracted to provide efiling services and collect court costs in civil matters in Alabama.

8.      The defendant Rich Hobson is the Administrative Director of Courts and is the chief administrative officer of the Administrative Office of Courts (hereinafter "AOC") of the State of Alabama. Mr. Hobson is sued here in his official capacity and for purposes of only prospective injunctive relief as hereinafter requested.

## FACTS

## OVERVIEW

9.      Pursuant to Ala. Code § 41-1-60 (1975), effective July 1, 2000, state officers were authorized to accept credit card payments for amounts due their agencies and to enter into agreements with credit card issuers to facilitate the acceptance of such payments.  Under subsection (e), the state officers who authorized credit card payments could impose a surcharge upon persons using credit cards to pay government fees, but *only when allowed by the operating rules and regulations of the credit card involved*.  That subsection reads:

> When a party elects to make a payment to state government by credit card and a surcharge or convenience fee is imposed, the payment of the surcharge or convenience fee *shall be deemed voluntary* by the party and shall not be refundable. (*Emphasis added*)

10.      Similarly, Rule 41 of the Rules of Judicial Administration was adopted by

3

order of the Court effective January 1, 2000 which authorized courts to negotiate and contract with banks or other financial institutions and third party purchasers of credit card drafts "***provided that the cardholder shall not be charged a fee for the privilege of paying*** these assessments, fees, costs, fines, or forfeitures by credit card if the rules and regulations of the card issuer prohibit the imposition of such a fee." (***Emphasis added***).

11.    In 2005, an administrative court procedure for electronic filing in civil cases was promulgated and on July 29, 2005, the Supreme Court of the state of Alabama entered an administrative order to authorize a pilot project for efiling civil matters in certain counties.

12.    Under an administrative procedure adopted June 2, 2005, access to the efiling system was deemed voluntary and expressly conditioned upon the attorneys paying court costs by credit card or debit card.  Though efiling was not then mandatory, the use of the efiling system required the attorney to pay only by credit or debit card for which they were charged an additional four percent (4%) fee over and above the court costs being paid[1].

---

[1]Court costs which would yield a convenience fee less than $1 are charged a $1 convenience fee.  This upcharge results in fees exceeding 4%.  For example, an alias summons cost $10 in court costs.  The $1 "convenience fee" charged for an alias summons is a 10% fee rather than the stated 4%.

13.     On May 8, 2006, the administrative procedures promulgated on June 2, 2005 were revised and the program was extended with a four percent (4%) "convenience fee" charge as a requirement for all attorneys using the E-File system.

14.     Despite the prohibition of Rule 41 in the Rules of Judicial Administration, under the E-File program, the credit or debit card user has been charged a four percent (4%) convenience fee from the outset of e-filing program.

15.     Not until July 30, 2012 was Rule 41 of the Rules of Judicial Administration amended removing the language which prohibited added fees. The amended rule now only requires compliance with § 41-1-60, Ala. Code (1975). Subsection (b) of the amended rule further provides that "convenience fees" levied for the "privilege" of paying by credit card, shall be taxed as court costs when the costs are taxed by the court.  Statutes setting court costs, however, were not amended to allow convenience fees.  See e.g. Ala. Code §12-19-71.

16.     On September 6, 2012, new administrative procedures for efiling in civil cases were promulgated and were approved only by the Chief Justice of the Alabama Supreme Court of the same day.  The Supreme Court of Alabama, acting as the Court, however, did not adopt those procedures.

Under those procedures, electronic filing was for the first time made mandatory upon attorneys in all civil cases after October 1, 2012.  As it had been in the past, the

only acceptable payment allowed for attorneys is by one of three acceptable credit or debit cards -- Visa, MasterCard or Discover.  Cash, checks or ACH are not acceptable payment.  The manner of payment is remotely handled by placing a card number on file or by entering the card number on a case-by-case basis, but not by presenting the card to the court clerk.  There are no other alternate methods of payment for attorneys. Even though this system is now mandatory, a four percent (4%) "convenience fee" is added to each court cost charged. Under those new administrative policies, the clerk was to document "in the usual manner" the receipt of the four percent (4%) which "may" be taxed as costs under Rule 41. Additionally, as of October 1, 2012, if the clerk maintains a complete copy of the case file in electronic format, no duplicate paper copy is required to be maintained.  These fees have never been approved by act of the Alabama legislature as court cost.

17.     As a result, under the current procedures, attorneys practicing in the civil courts of the state of Alabama are required to efile documents and are further required to pay court costs by credit or debit card to which a four percent (4%) convenience is added.

18.     Prior to October 1, 2012, those attorneys could elect to use the efiling system, but nonetheless would have been charged the four percent (4%) fee added to the court costs for the "privilege" of using this system.  Also, prior to October 1, 2012,

attorneys could manually file and were allowed to pay any fees to the clerk with cash or check.

19.     The E-File system itself is maintained by the defendant On-Line Information Services, Inc. which services the Alacourt, Alafile and Alapay systems used for efiling and access to court files throughout the state.

20.     In order to efile a matter, attorneys have always been required to use the On-Line Alafile system, scan the documents and properly complete the filing questions. Additionally, filing costs must be paid at the time of efiling through the On-Line Alapay system which accepts only credit or debit card payments through a credit card number posted by the attorney with the system.  Thereafter, the electronic court file can be accessed only through the On-Line Alacourt system.[2]

21.     Since 2006, upon information and belief, over 500,000 civil cases have been efiled in Alabama which have each incurred four percent (4%) fees added to each court cost charged to the attorney's credit card.  All of these added fees are paid to On-Line.

22.     On-Line Information Services, Inc. entered into a series of contracts with

---

[2]To access the Alacourt system, attorneys must purchase a monthly subscription which only allows the user to view the case action summary sheet. If the user desires to view actual filed documents in the case, even in cases filed by the user, additional fees are charged by On-Line based upon the number of pages viewed. Those Alacourt charges, unlike Alafile charges, allow payment by ACH against the law firm bank accounts.

AOC beginning in 2003.  In 2003, On-Line contracted to provide AOC two methods of accepting credit or debit cards and a method of accepting check via automatic clearing house (ACH).  The compensation to On-Line under that contract was from fees collected from the end user which the contract set at 4% of the amount tendered to AOC.  That 2003 contract further provided that AOC and On-Line may periodically adjust these rates.

23.    Thereafter, Online entered into another contract with AOC and then on September 1, 2010 executed a ten-year licensing contract with AOC to provide these services to AOC, and under that contract, administers the current efiling system. Upon information and belief, after contracting with AOC, On-Line then contracted with the credit card companies for the collection of both the court costs and the added convenience fees from attorney/cardholders practicing in the civil courts.

24.    Under the September 1, 2010 contract with AOC, On-Line is authorized to collect and retain "such Convenience Fees as are authorized or provided for by statute or court rule for payments made through Alapay or other forms of electronic transmission of payments."  The convenience fee is defined in that contract as "A fee charged in addition to regular filing fees for e-filing with Alafile, Public Access Services and other services designated by AOC." At the time of the contract on September 1, 2010, the only existing "statute of court rule" authority was §41-1-60 and

8

Rule 41(adopted in January 1, 2000), neither of which provided for the explicit collection of a 4% convenience fee which On-Line is and has been collecting.

25.    By agreement with AOC,  On-Line is the exclusive provider for internet acceptance of credit and debit cards for court-ordered monies.  By virtue of this agreement, On-Line collects and remits statutory filing fees related to any filing at the clerk's office.

26.    Under the terms of On- Line's agreement with AOC, On-Line provides AOC the source code for its software.  At the termination of the agreement, the source code is owned one half by AOC and one half by On-Line, which can each continue to use the source code.

27.    The contract of September 1, 2010 also includes a "Severability" provision providing that: "Should any term of this agreement be declared void or unenforceable by any court of competent jurisdiction, such declaration shall have no effect on the remaining terms hereof. . . ."

28.    Under the September 1, 2010 contract with AOC, On-Line is compensated from several sources of revenue.  One of those sources of payment is a 4% "convenience fee" which it charges and collects.  Under the contract, On-Line retains 100% of the convenience fees.

29.    The "Division of Revenues" from sources other than the "convenience

9

fee"is divided one third to On-Line and two thirds to AOC under their contract.

30.     No aspect of the division of revenues or the contract of September 1, 2010 has been authorized by the legislature.

## THE PLAINTIFFS

31.     Mark Erdberg is an individual resident of Birmingham, Alabama, who is licensed to practice law in the state of Alabama and who has been practicing in the civil courts of the state since before August 1, 2005.  Mr. Erdberg has used the E-File system both before and since October 1, 2012 and has been charged a "convenience fee" of four percent (4%) of the amount of each court cost charged to his credit card for which he was the responsible party.

## PLAINTIFFS' CLASS ALLEGATIONS

32.     The Class which the named Plaintiff seeks to represent consists of:

All credit or debit cardholders who have, at any time since August 1, 2005, been charged a "convenience fee" or surcharge over the required court costs in civil actions efiled in the state of Alabama.

33.     The members of the Class are so numerous that joinder of all members is impracticable.

34.     As of this time, the exact number in the Class is unknown but would be more than one thousand.

35.    Plaintiffs' treatment by the Defendant is typical of the members of the Class.

36.    Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation. Plaintiffs have no interests that are adverse or antagonistic to the Class.

37.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by many Class members may be small, the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged.

38.    Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether On-Line's charge of a 4% convenience fee to creditcardholders on each court cost in civil cases is an illegal taking;

b.    Whether the mandatory requirement for attorneys to efile in civil matters and a concomitant requirement for their payment only by credit or debit cards which incurs additional convenience fees, is permissible;

c.    Whether the mandatory requirement for attorneys, but not others

to efile in civil matters and a concomitant requirement for attorneys to make their payment only by credit or debit cards which incurs additional convenience fees is a denial of equal protection infringing on their access to the courts;

d.      Whether the On-Line can lawfully refuse to accept lawful currency of the United States for the payment of civil court costs in the state;

e.      Whether the On-Line's charge and collection of a 4% convenience fee for the use of credit or debit cards in the payment of civil court costs violates the merchant agreement with the credit card issuers;

f.      Whether the On-Line's refusal to accept payment in any form other than through three select credit or debit cards violates interstate commerce;

g.      Whether the On-Line's action in charging a convenience fee for the use of credit or debit cards to pay civil court cost before July 2012 violated Rule 41 of Alabama Rules of Judicial Administration;

h.      Whether AOC's actions and contract violate state statutes, constitutional provisions, and/or court rules and whether AOC has exceeded its authority.

39.   The defendants have acted on grounds generally applicable to the Class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40.   Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action. The data concerning the Class members and the transaction details and amounts on each charge is largely computerized by the defendant On-Line.

41.   The names and addresses of the Class members are a matter of public record and notice can be provided to the Class members via the AlaCourt E-File system itself or other appropriate means as may be directed by the Court.

**COUNT ONE**

**DENIAL OF DUE PROCESS**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

42.   On-Line, acting under color of state law and in conjunction with AOC, systematically deprived the plaintiffs, and those similarly situated, of their property rights without due process and in violation of Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

43.   The plaintiffs aver that On-Line, acting under color of state law jointly with AOC, violated their Constitutional right to due process as guaranteed by the

United States Constitution by requiring that all civil cases be e-filed with court costs being paid only by one of only three approved credit/debit cards and by then automatically taking additional fees for access to the court system based upon the mandatory use of credit/debit card payment.

44.     This unlawful taking was without legal support, in violation of state statute, state constitutional provisions, judicial rules, and denied due process to the plaintiffs under 42 U.S.C. §1983.

45.     As a proximate consequence of these Constitutional and other violations, the plaintiffs suffered injuries.

**COUNT TWO**

**DENIAL OF EQUAL PROTECTION**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

46.     The plaintiffs aver that On-Line, acting under color of state law and in conjunction with AOC, violated their Constitutional rights to equal protection as guaranteed by the United States Constitution by mandating that all civil matters be e-filed and simultaneously requiring that all e-filed matters be paid only by selected credit cards for which an additional fee is then charged only to the attorney plaintiffs.

47.     These requirements and additional fees are only imposed upon attorneys

and only in civil matters and infringes upon their fundamental rights and access to the Court.

48.     This unequal treatment bears no rational relation to any legitimate state purpose and cannot pass the strict scrutiny of the Court which is required.

49.     As a proximate consequence of these Constitutional and other violations, the plaintiffs have suffered injuries.

## COUNT THREE

## FEDERAL PREEMPTION OF LEGAL TENDER

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

50.     Under Title 31, U.S.C. 5103, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues..."

51.     Pursuant to the Supremacy clause found in Article 4, Clause 2, the states are preempted in this area and must not infringe upon Congress' exclusive right to declare what constitutes legal tender.

52.     Under the system operated by On-Line, the only means of legal tender to pay court costs is by one of three approved credit or debit cards, the use of either of which then increases the cost by a factor of 4%.  There is no alternative method of

15

payment for an attorney to avoid this charge absent a cumbersome and impractical case-by-case request at the point of filing for some form of hardship waiver. Moreover, ongoing charges for costs during the pendency of cases after filing also incur the 4% upcharge by On-Line.

53.     This restrictive system of On-Line does not allow plaintiffs to pay court costs by United States currency, or even other forms of exchange such as check, money order, ACH transfer, or even by other types of credit cards.

54.     Plaintiffs seek declaratory and injunctive relief to remedy this ongoing violation and pray that the Court will declare the payment system implemented by AOC and On-Line is preempted by the federal act defining legal tender, and will enjoin the further and prospective requirement of mandatory payment of court costs exclusively by credit or debit card.

## COUNT FOUR

## VIOLATION OF INTERSTATE COMMERCE

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

55.     On-Line and AOC have systematically applied Ala. Code § 41-1-60 (1975) and Rule 41 of the Rules of Judicial Administration in an unconstitutional fashion denying the plaintiff and the class he seeks to represent constitutionally

16

protected rights to engage in services affecting interstate trade free from restrictive state regulation. This system is in violation of the commerce clause found in Article I, Section 8, Clause 3 of the United States Constitution and is actionable under 42 U.S.C. § 1983. Interstate commerce is affected due to the required use of credit/debit cards using online transactions.

56.     Under the system maintained by AOC and On-Line, the plaintiffs, as practicing attorneys, are denied access to the civil courts of the state to which they are admitted to practice unless they comply with mandatory efiling and exclusive payment method through one of the approved credit/debit cards for which an additional fee is added.

57.     This restrictive system does not allow plaintiffs to pay court costs by cash, check, money order, ACH transfer, or even by other types of credit cards and results in a restriction of commerce and discrimination against businesses and individuals offering those other forms of payment.

58.     This application of statutory and administrative procedure results in an unconstitutional deprivation of civil rights guaranteed to the plaintiffs and the class they seek to represent under the Fourteenth Amendment and 42 U.S.C. § 1983.

59.     Plaintiffs seek declaratory and injunctive relief to remedy this ongoing violation and pray that the Court will declare the system is violative of 42 U.S.C. §

17

1983 and will enjoin the further requirement of mandatory payment of court costs exclusively by credit/debit card.

## COUNT FIVE

## THIRD PARTY BENEFICIARY

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

60.     On- Line operates the efile Alacourt system and the Alapay system for the Alabama civil court system and accepts payment of costs only by Visa, MasterCard or Discover.

61.     All three credit card companies accepted by On-Line require merchant agreements with the merchant accepting the card which sets the terms under which the merchant can accept the card.

62.     The merchant agreements between On-Line and Visa, MasterCard and Discover, upon information and belief, all prohibit imposing an additional fee for using the card as payment.

63.     The MasterCard merchant agreement generally in use makes a concession for governmental entities. However, that agreement requires as a condition that the cardholders must be notified of the convenience fee at the time of payment and be given the opportunity to opt out to the sale. The plaintiffs have no option of opting out of this

system for efiling.

64.    Visa's merchant agreement generally prohibits convenience fees unless it is specifically for the convenience of an "alternative method of payment."  Under these facts, there are no alternative methods of payment.  Even if there were an alternative method which would allow a convenience fee, the Visa agreement requires that the fee be flat or fixed regardless of value of the payment charged.  Under the facts here, the convenience fee charged is not a flat fee or fixed amount, but instead is a percentage.  Finally, the Visa agreement prohibits convenience fees under any circumstances if the primary method of acceptance is "card-not present."  Under these facts, the payment is made through placing a card number on file which is automatically charged by the system. These charges are all "card-not present" transactions.

65.    The Discover merchant agreement allows a surcharge on a card sale but not to exceed the merchant fee payable by the merchant to Discover.

66.    Each of these agreements also has non-discriminatory language that protects its cardholders from being charged fees if other cardholders are not. As a , result, the prohibitions in each of these agreements would apply to the other cards as well.  Therefore, a "merchant" which accepts both Visa and MasterCard is restricted to charging a flat rate convenience fee, because under these agreements all convenience fees are required to be assessed equally.

19

67.     The plaintiff cardholders are the intended third party beneficiaries of these merchant agreements.

68.     On-Line has breached the merchant agreements by the imposition of 4% convenience fees on all charges in civil matters and, as a result, the plaintiffs have been overcharged and damaged.

## COUNT SIX

## MONEY HAD AND RECEIVED

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

69.     The defendant On-Line owes the plaintiffs for the 4% convenience fees illegally collected by On-Line and paid by the plaintiffs under the Alacourt and Alapay systems on efiled matters.

70.     Those added charges are invalid charges in excess of the charges allowed under the merchant agreements and are illegally added to the valid court costs charged to the plaintiff class.

71.     Under this system, there is no alternative payment method for efiling and access to the civil courts such that the plaintiffs are coerced into paying these charges under duress from the lack of alternative access to the efile system. This system, until recent amendments, was also in violation of statutory and administrative provisions

enacted to protect the general public using the civil court system.

## NOTICE TO ATTORNEY GENERAL

72.    Though the plaintiffs' claims do not challenge the constitutionality of any statute which would trigger notice under Ala. Code §6-6-227, plaintiffs have nonetheless in an abundance of caution requested service on the  Attorney General of Alabama.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Court will take jurisdiction of this cause and upon the final hearing:

  a.    certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

  b.    Award the plaintiffs such actual damages from On-Line as this Court shall find the plaintiffs have sustained;

  c.    Enter an injunction and other declaratory relief which prohibits On-Line from engaging in the violations of law set forth hereinabove;

  d.    Enter an injunction and other declaratory relief which prospectively prohibits AOC from engaging in the violations of law set forth hereinabove and specifically enjoins and severs the contract provisions with On-Line providing for charging convenience fees;

  e.    Award to the plaintiffs and Class members damages under 42

U.S.C. § 1983 from On-Line equal to any amounts paid by plaintiffs for convenience fees levied due to the use of credit cards in the payment of civil court costs;

f.     Award to the plaintiffs and Class members from On-Line the cost of this matter, including a reasonable attorneys' fee;

g.     Award to the plaintiffs and the Class members such other, further and more general relief as the Court may deem appropriate under these circumstances.

                    RESPECTFULLY SUBMITTED,

                    s G. Daniel Evans
                    G. Daniel Evans
                    ASB-1661-N76G
                    Attorney for the Plaintiffs
                    The Evans Law Firm, P.C.
                    1736 Oxmoor Road, Suite 101
                    Birmingham, Alabama 35209
                    Telephone: (205) 870-1970
                    Fax: (205) 870-7763
                    E-Mail: gdevans@evanslawpc.com

                    s/ Alexandria Parrish
                    Alexandria Parrish
                    ASB-2477-D66P
                    Attorney for the Plaintiffs
                    The Evans Law Firm, P.C.
                    1736 Oxmoor Road, Suite 101
                    Birmingham, Alabama 35209
                    Telephone: (205) 870-1970

22

Fax: (205) 870-7763
E-Mail: ap@evanslawpc.com

s/D. Lee Hodges
D. Lee Hodges
ASB-1843-E34D
Attorney for the Plaintiffs
205 North 20th Street
Suite 715 Birmingham, Alabama 35203
Telephone: (205) 251-6306
Fax: (205) 250-7057
E-Mail:  deanleehodgesaol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the      th day of June, 2013, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke
Mary Ann Couch
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

s/ G. Daniel Evans
G. Daniel Evans

23