IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ERDBERG, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:12-CV-3883-RDP |
| } | |
| ON LINE INFORMATION SERVICES, } | |
| INC., et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This matter is before the court on (1) Defendant On-Line Information Service, Inc.'s ("On-Line") Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, to Strike Class Allegations or, in the further alternative, for a More Definite Statement (Doc. # 35), and (2) Defendant Rich Hobson's Motion to Dismiss the Amended Complaint or, in the alternative, to Strike Class Allegations or, in the further alternative, for a More Definite Statement (Doc. # 38). The Motions have been fully briefed. (Docs. # 36, 38, 40 - 43). After careful review, the court concludes that Defendants' Motions to Dismiss (Docs. #35, 38) are due to be granted with respect to the federal claims asserted in this case. Moreover, the court declines to exercise supplemental jurisdiction over Plaintiff's state claims.

**I.     Background**

In this case, Plaintiff launches several challenges to the 4% convenience fee that is charged by On-Line when it accepts electronic payment via credit card with respect to filing costs and fees associated with the AlaPay system. Plaintiff's Amended Complaint asserts the following claims:

1. Count One - Denial of Due Process;
2. Count Two - Denial of Equal Protection;

        3.       Count Three - Federal Preemption of Legal Tender;
        4.       Count Four - Violation of Interstate Commerce;
        5.       Count Five - Third Party Beneficiary; and
        6.       Count Six - Money Had and Received.

The Alabama Legislature authorized State officers to accept credit card payments for amounts due their agencies in Ala. Code § 41-1-60, which became effective on July 1, 2000. (Doc. # 32 at ¶ 9). On July 29, 2005, the Supreme Court of Alabama issued an administrative order authorizing a pilot project for e-filing for civil matters in certain Alabama counties. (Doc. # 32 at ¶ 11). Under that voluntary administrative procedure, attorneys who participated in e-filing were required to pay court fees associated with e-filed documents only by credit card, and they were also charged an additional 4% convenience fee for that credit-card usage above the court costs being paid. (Doc. # 32 at ¶ 12). The applicable administrative procedures were revised on May 8, 2006, and the voluntary e-filing program was extended with the 4% convenience fee remaining as a requirement for all attorneys using the e-filing system. (Doc. # 32 at ¶ 13).

On September 6, 2012, the Chief Justice of the Supreme Court of Alabama issued new administrative procedures for e-filing. (Doc. # 32 at ¶ 16). Under those procedures, e-filing became mandatory for all attorneys in civil matters effective October 1, 2012. (Doc. # 32 at ¶ 16). Payment of court fees associated with e-filed documents still had to be made by one of only three credit cards. (Doc. # 32 at ¶ 16). The 4% convenience fee is still added to those credit-card charges. (Doc. # 32 at ¶ 16).

Under the 2012 administrative procedures, parties proceeding *pro se* need not participate in e-filing. (Doc. # 36-1 at 3). In addition, a judge or the circuit clerk in a particular case can modify the procedures. (Doc. # 36-1 at 3). Defendant Hobson, the Administrative Director of Courts, is also authorized to modify the procedures. (Doc. # 36-1 at 3).

Defendant On-Line has had contracts since 2003 with the State's court system to maintain the e-filing system. (Doc. # 32 at ¶¶ 19, 22-25, 28). As part of the services that On-Line provides, On-Line collects through its AlaPay system the filing costs and fees that must be paid at the time of e-filing. (Doc. # 32 at ¶¶ 20, 22-23). Defendant Rich Hobson is the Administrative Director of Courts for the Alabama Judicial System. (Doc. # 32 at ¶ 8).

Plaintiff is an attorney who is a resident of Birmingham, Alabama and has been practicing in the civil courts of the State since before August 1, 2005. (Doc. # 32 at ¶ 31). He has used the State's e-filing system both before it became mandatory and after, and has been charged the four-percent convenience fee each time he paid court costs with his credit card. (Doc. # 32 at ¶ 31).

## II.  Standard of Review

As a general matter, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  To survive Defendants' Motion, the allegations of Plaintiff's Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

**III.    Analysis**

    **A.    Plaintiff's Denial of Due Process Claim[1] Fails to State a Claim**

Count One of Plaintiff's Amended Complaint alleges that Defendants' credit card only policy requiring the payment of the 4% fee is a deprivation of rights without due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. (Doc. # 32 at ¶ 42).  Due process entitles an individual to notice and some form of hearing before state action may deprive him of a property interest. *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

To establish a Section 1983 claim alleging a denial of procedural due process, a plaintiff must show three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  The issue here is whether Plaintiff's Amended Complaint has adequately alleged a "constitutionally-inadequate process." *Grayden*, 345 F.3d at 1232.

A procedural due process claim that fails to allege either that a plaintiff even attempted to use the allegedly defective procedures or facts to establish how those procedures are inadequate fails to state a claim on which relief can be granted. *American Federation of Labor and Congress of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011).  "A due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State

---

[1] Plaintiff's due process claim is a procedural one. (Doc. # 32 at 13-14; Doc. # 36 at 8).  He does not contend that he has stated a substantive due process claim. (Doc. # 40 at 2-5).

fails to provide due process.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3rd Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin*, 227 F.3d at 116. "[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." *Alvin*, 227 F.3d at 116 (citing *Zinermon*, 494 U.S. at 126). *See also Reilly v. City of Atlantic City*, 532 F.3d 216, 235 (3rd Cir. 2008).

Nothing in the Amended Complaint indicates that Plaintiff even attempted to use the procedures he alleges are inadequate. Nor are there any factual averments indicating the procedures are (or were) somehow inadequate. In opposition to Defendants' Motions, Plaintiff *argues* that they are inadequate. But those arguments are not based on any factual allegations contained within the Amended Complaint. "Given the absence of any information in the [Amended C]omplaint about a material element of [his] claim, [Plaintiff] ha[s] failed to state a claim upon which relief can be granted." *American Federation*, 637 F.3d at 1186. Therefore, Plaintiff's procedural due process claim is due to be dismissed.

      **B.**     **Plaintiff's Denial of Equal Protection Claim Fails to State A Claim**

The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner. *Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir. 2002). To establish an equal protection violation, a plaintiff must show that the state treated him disparately from other similarly situated persons and that the disparate treatment burdens a fundamental right or is based on membership in a suspect class. *DeYoung v. Owens*, 646 F.3d 1319, 1327 (11th Cir. 2011); *see also Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). "[T]he degree of scrutiny the

court applies depends upon the basis for the classification." Gary, 311 F.3d at 1337. "If a law treats individuals differently on the basis of race or another suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny." *Leib v. Hillsborough County Public Transp. Com'n*, 558 F.3d 1301, 1306 (11th Cir. 2009) (citing *Eide v. Sarasota County*, 908 F.2d 716, 722 (11th Cir. 1990). "Otherwise, the law need only have a rational basis — *i.e.*, it need only be rationally related to a legitimate government purpose." *Leib*, 558 F.3d at 1306.

Although the parties do not address this issue, the court is of the opinion that Plaintiff's equal protection claim fails at the first element. Plaintiff has failed to allege that he was treated disparately from other "similarly situated" persons. Plaintiff's Amended Complaint defines the disparate treatment as follows: "These requirements and additional fees are only imposed upon attorneys and only in civil matters ... ." (Doc. # 32 at ¶ 47). Although it is not made explicit in the Amended Complaint, it appears that the comparators are *pro se* litigants and attorneys in criminal matters. Neither of these groups are similarly situated to attorneys in civil cases. "Different treatment of dissimilarly situated persons does not violate the Equal Protection Clause." *Strickland v. Alderman*, 74 F.3d 260, 265 (11th Cir. 1996). Therefore, Plaintiff has failed to adequately allege the first element of his equal protection claim.

The parties' briefs focus on whether a fundamental right is at issue and what level of scrutiny is to be applied. Plaintiff contends that a fundamental right is at stake: access to the courts. (Doc. # 40 at 13). But Defendants argue that what is actually at issue is the additional fee imposed only on civil attorneys. (Doc. # 36 at 8).

Plaintiff has not alleged facts sufficient to state a claim for the denial of his right of access to courts. In *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005), the clerk of court in one state judicial

6

district court systematically charged and collected from litigants fees in excess of, or not authorized by, state statute. Plaintiff asserted that this was an equal protection violation. *Woodard*, 419 F.3d at 350-51. She claimed that the imposition of the fees resulted in a denial of her access to courts. *Woodard*, 419 F.3d at 354. The Fifth Circuit held that the district court had correctly granted the defendant's motion to dismiss because these allegations "fall[] short of stating a claim for the denial of her right of access to courts." *Id.* The court noted that Woodard did not suggest that the Clerk's actions delayed her ability, or deprived her of her right, to avail herself of the legal process. Here, too, Plaintiff has made no allegation that his ability to avail himself of the legal process was either delayed or denied. Therefore, the right to access to the courts is not implicated in this case.

Because Plaintiff's Amended Complaint contains no allegations that a fundamental right was infringed or that he belongs to a suspect class, his equal protection claim is subject only to rational basis review. "The rational basis test asks (1) whether the government has the power or authority to regulate the particular area in question, and (2) whether there is a rational relationship between the government's objective and the means it has chosen to achieve it." *Leib*, 558 F.3d at 130. "This standard is easily met." *Id.* "A state 'has no obligation to produce evidence to sustain the rationality of a statutory classification.'" *Id.* (quoting *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993)). "[T]he burden is on the one attacking the law to negate every conceivable basis that might support it, even if that basis has no foundation in the record." *Id.*

Plaintiff asserts that strict scrutiny analysis requires Defendants to establish a compelling state interest. Unfortunately, this is not the analysis required under the circumstances of this case. Plaintiff makes no argument at all in an attempt to address any of the conceivable bases that might support the challenged fees. (*See* Doc. # 40 at 12-14).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if the plaintiff did not "allege facts sufficient to overcome the presumption of rationality." *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992). There are numerous rational bases for the challenged fees. The Professional Services Contract between the Administrative Office of Court and On-Line Information Services provides that the 4% fees are designed as On-Line's compensation under the Contract. (Doc. # 36-2). Even assuming all of the allegations of Plaintiff's Amended Complaint are true, Plaintiff has failed to make any attempt to show that the challenged fees lack a rational basis. Therefore, Plaintiff's equal protection claim is due to be dismissed as a matter of law.

    **C.**    **Plaintiff's Federal Preemption of Legal Tender Claim is Meritless**

Count Three of Plaintiff's Amended Complaint alleges that the requirement that fees be paid by credit card violates 31 U.S.C. § 5103. Section 5103 provides that "United States coins and currency ... are legal tender for all debts, public charges, taxes, and dues." As noted by the New York County Supreme Court in *Nemser v. New York City Transit Auth.*, 530 N.Y.S.2d 493, 494 (1989), an interpretation of Section 5103 to forbid credit card only policies "strains logic." *See also, In re Reyes,* 482 B.R. 603 (D. Ariz. 2012) (allowing payments to be made only by certain means does not violate 31 U.S.C. § 5101). There is simply no legal support for the idea that "§ 5103 requires ... any ... entity[] to accept payment in cash." *Picano v. Borough of Emerson*, 353 Fed.Appx. 733, 735 (3rd Cir. 2009). *See also Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 458 (6th Cir. 2009) (requirement of payment by check does not violate 31 U.S.C. § 5103); *Crummey v. Klein Independent School Dist.*, 295 Fed.Appx. 625, 627 (5th Cir. 2008) (under 31 U.S.C. § 5101, a dollar is a dollar, regardless of the physical embodiment of the currency); *Metal Management Mississippi, Inc. v. Barbour*, 2008 WL 3842979 *10 (S.D. Miss. 2008) ("a state may

declare what manner of payment of legal tender is permissible or required for particular types of transactions"); *Genesee Scrap & Tin Baling Co. v. City of Rochester*, 2008 WL 2331080 (W.D. N.Y. 2008) (city ordinance that required payment by check did not violate 31 U.S.C. § 5103).

Moreover, whether there is a civil cause of action for a violation of the Coinage Act is questionable. "[Title] 31 U.S.C. § 5103 provides nothing more than a definition of legal tender, and does not create a cause of action ... ." *Rosen v. Continental Airlines, Inc.*, 2011 WL 1467209 *5 (D. N.J. 2011) (citing *Bell v. JP Morgan Chase Bank*, 2006 U.S. Dist. LEXIS 94946, *10 (E.D. Mich. Nov. 30, 2006)). Therefore, Count Three of Plaintiff's Amended Complaint fails to state a claim and is due to be dismissed.

### D. Plaintiff's Violation of Interstate Commerce Claim Fails to State a Claim

Laws challenged under the dormant Commerce Clause are examined using a two-tiered analysis. First, the court must consider whether the law or regulation "directly regulates or discriminates against interstate commerce, or has the effect of favoring in-state economic interests." *Island Silver & Spice, Inc. v. Islamorada*, 542 F.3d 844, 846 (11th Cir. 2008). Defendants argue that Plaintiff fails to allege that the rule at issue here favors in-state or local commerce and should be dismissed. Plaintiff contends that the commerce clause is violated because it affects his right to engage in services affecting interstate commerce.

Although neither side addresses the issue, "[a] state or local law may impermissibly discriminate against interstate commerce even if that law applies to all." *Florida Transp. Services, Inc. v. Miami-Dade County*, 703 F.3d 1230, 1244 (11th Cir. 2012). That is, "[e]ven if a law is not discriminatory, it nonetheless violates the dormant Commerce Clause if it unduly burdens interstate commerce. A law unduly burdens interstate commerce under *Pike* [*v. Bruce Church, Inc.*, 397 U.S.

137, 142 (1970)] if 'the burden on interstate commerce clearly exceeds the local benefits.'" *Florida Transp. Services, Inc.*, 703 F.3d at 1244 (quoting *Island Silver & Spice*, 542 F.3d at 846).

The requirement of e-filing in Alabama state court civil cases with payment of costs and additional fees does not discriminate against interstate commerce. It applies to both intra- and interstate commerce. Of course, that does not end the court's inquiry. The court must evaluate whether the "burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). "In this inquiry, we evaluate the 'practical effect of the statute' in light of 'what effect would arise if not one, but many or every, State adopted similar legislation.'" *Florida Transp. Services, Inc.*, 703 F.3d at 1244 (citing *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989)).

The imposition of the 4% fees is the method by which the Alabama Administrative Office of Courts compensates Defendant On-Line for providing the on-line filing system. (Doc. # 36-2). Only attorneys who access civil courts within this state are required to pay the fee. The only extraterritorial application of the 4% fee is that it is imposed on out-of-state attorneys accessing this state's court system. And here one does not have to imagine "what effect would arise if not one, but many or every State adopted" similar filing fees. *See Florida Transp. Services, Inc.*, 703 F.3d at 1244. Most state and federal courts either provide for or require e-filing and charge fees to do so. This not only provides a local benefit (payment for operation of the e-filing system), but an interstate benefit. Rather than placing a burden on interstate commerce, e-filing makes interstate access to the state's courts (the interstate commerce at issue in this scenario) easier and more convenient. Rather than being protectionist, mandatory e-filing, and its associated fees, provides easier access to all attorneys practicing in the courts of this state.

The practices challenged in Plaintiff's Complaint place no burden on interstate commerce. And even if they placed some burden, it is not "clearly excessive in relation to the putative local benefits." *Pike*, 397 U.S. at 142.  Therefore, Plaintiff's Violation of Interstate Commerce Clause claim is due to be dismissed.[2]

E.  **The Court Declines to Exercise Jurisdiction Over Plaintiff's State Law Claims**

As discussed above, all of the federal claims asserted by Plaintiff fail to state a claim and the court will grant Defendants' Motions to Dismiss as to those claims.  "A district court may decline to exercise supplemental jurisdiction over a [state law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...." 28 U.S.C. § 1367(c)(3). "The decision on [whether to retain jurisdiction over the state-law claims] should be and is vested in the sound discretion of the district court." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and these claims will be dismissed without prejudice.

---

[2] Defendant On-Line also asserts, in footnote 6 of its brief, that Plaintiff has failed to explain how he has standing to assert a dormant Commerce Clause claim as an in-state resident.  However, "the courts have reached the merits of numerous dormant Commerce Clause cases involving in-state parties, and an entire body of dormant Commerce Clause jurisprudence reflects the disposition of such cases on the merits." *Florida Transp. Services, Inc. v. Miami-Dade County*, 703 F.3d 1230, 1256 (11th Cir. 2012) (collecting cases).

## IV.   Conclusion

For the foregoing reasons,[3] (1) Defendant On-Line Information Service, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, to Strike Class Allegations or, in the further alternative, for a More Definite Statement (Doc. # 35), and (2) Defendant Rich Hobson's Motion to Dismiss the Amended Complaint or, in the alternative, to Strike Class Allegations or, in the further alternative, for a More Definite Statement (Doc. # 38) are due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this     9th      day of October, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] Because the federal claims asserted in Plaintiff's Amended Complaint fail to state claims, it is unnecessary to address Defendants' alternative arguments which would require a more fact intensive inquiry.