


**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK ERDBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:12-CV-3883-RDP** |
| | ) | |
| **ON LINE INFORMATION SERVICES, INC., et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO ALTER AND AMEND**

G. Daniel Evans
ASB-1661-N76G
Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com
E-Mail: ap@evanslawpc.com

D. Lee Hodges
ASB-1843-E34D
Attorney for the Plaintiffs
205 North 20th Street, Suite 715
Birmingham, Alabama 35203
Telephone: (205) 251-6306
Fax: (205) 250-7057
E-Mail deanleehodges@aol.com

Comes now the Plaintiff in the above-styled cause and moves this Court to Alter and Amend its Judgment and Order of Dismissal entered on October 9, 2013 as it pertains to Plaintiff's claims for denial of due process and equal protection. In support of this motion, the Plaintiff submits the following:

## ARGUMENT

### I. Due Process

Though discovery has not been allowed, the Court's order appears to have evaluated Plaintiff's due process claim on a summary judgment standard rather than on the pleadings. For instance, the order finds that the Plaintiff's claims fail in part because the Plaintiff did not allege that he had attempted to avoid the challenged fees by using procedures allowing exceptions for "hardship" or "exceptional circumstances." The complaint does not mention those exceptions because these "three built-in procedures" only exist for "exceptional circumstances" and for attorneys facing a "hardship."[1] The reason the extraordinary exceptions are not mentioned is because they are patently inadequate to allow blanket avoidance of these illegal fees by anyone who makes that request. The order suggests that an illegal fee is somehow permissible if there are possible avenues to avoid them under "exceptional circumstances." That reasoning overlooks the fundamental illegality of the charge to the vast majority who are not under "exceptional circumstances." Plaintiffs have never contended that there were exceptional circumstances or hardship involved here. The contention has been that charging any civil

[1] "The following procedures govern electronic filing unless, **due to extraordinary circumstances** in a particular case, a judge determines that these policies and procedures should be modified in the interest of justice." (Doc. 36-1 pg. 3) **(emphasis added)**

attorney these fees in excess of court costs and in violation of state authority is illegal. Defendant On-Line argued that "Yet Plaintiff never alleges that he attempted to use the three built-in procedures for seeking an exception to the convenience-fees." (Doc. 36 pg. 7). However, there are no procedures for ordinary, practicing attorneys under no "hardship" or "extraordinary circumstances" to avoid the mandatory fees; and thus no process for the Plaintiff to avoid On-Line's "taking." The absence of an allegation to that effect should not result in a dismissal with prejudice since it would add nothing to simply say that the On-Line system applies to all attorneys except those under exceptional circumstances -- which do not apply here.

Case law states "a plaintiff must have taken advantage of the processes that are available to him . . . **unless those processes are unavailable or patently inadequate**." *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000) **(emphasis added)**. Here, a "normal" attorney such as the Plaintiff simply seeking to use the court system and pay only court costs is obviously not an "exceptional circumstance," and there is no hardship alleged. Those exceptions, therefore, could have no application and are all matters outside the allegations of the complaint. Furthermore, even if a discussion of these inapplicable exceptions were pled as part of the complaint, a question of fact would be present as to whether those were "apparently adequate procedural remedies." *See Alvin* at 116. Thus, that would not be an appropriate basis for dismissal on the pleadings and with prejudice.

Further, *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005), cited in the Court's order, reached a contrary decision on due process. There, a due process claim like that proffered here was found established when a court clerk took money over and above costs allowed

by state law from a fund which litigants were required to deposit with the clerk. *Id* at 354. Similarly, On-Line takes these fees over and above that allowed by state law in violation of due process.

Finally, this Court's order focuses entirely on procedural due process while the claims embody denial of substantive rights. In *Jackson v. Procunier*, 789 F.2d 307, 309-10 (5th Cir. 1986), the Fifth Circuit wrote:

> A substantive right of access to the courts has long been recognized. In *Ryland v. Shapiro*, we characterized that right as "one of the fundamental rights protected by the Constitution." In *Wilson v. Thompson*, **we stated, "[i]t is by now well established that access to the courts is protected by the First Amendment right to petition for redress of grievances." That right has also been found in the fourteenth amendment guarantees of procedural and substantive due process. Consequently, interference with access to the courts may constitute the deprivation of a substantive constitutional right, as well as a potential deprivation of property without due process, and may give rise to a claim for relief under § 1983. Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation. (emphasis added)**

*Id.* at 309-310.

Plaintiff requests that the Court review and reverse its order granting dismissal of his procedural due process claim, or, in the alternative, dismiss the claim without prejudice.

## II. Equal Protection

After a robust statement of facts showing how the challenged system extracts the challenged fees, the Amended Complaint states that:

> 46. The plaintiffs aver that On-Line, acting under color of state law and in conjunction with AOC, violated their Constitutional rights to equal protection as guaranteed by the United States Constitution by mandating that all civil matters

> be e-filed and simultaneously requiring that all e-filed matters be paid only by selected credit cards for which an additional fee **is then charged only to the attorney plaintiffs**.
> 47. These requirements and additional fees **are only imposed upon attorneys and only in civil matters** and **infringes upon their fundamental rights and access to the Court.**
> 48. **This unequal treatment bears no rational relation to any legitimate state purpose and cannot pass the strict scrutiny** of the Court which is required.

(Doc. 32 pp. 14-15)**(Emphasis added)**

Factual support for these claims was asserted as well showing this impediment upon access to the courts by professionals who practice there:

> 16. On September 6, 2012, new administrative procedures for efiling in civil cases were promulgated and were approved only by the Chief Justice of the Alabama Supreme Court of the same day. The Supreme Court of Alabama, acting as the Court, however, did not adopt those procedures. Under those procedures, **electronic filing was for the first time made mandatory upon attorneys in all civil cases** after October 1, 2012. As it had been in the past, the only acceptable payment allowed for attorneys is by one of three acceptable credit or debit cards -- Visa, MasterCard or Discover. Cash, checks or ACH are not acceptable payment. The manner of payment is remotely handled by placing a card number on file or by entering the card number on a case-by-case basis, but not by presenting the card to the court clerk. **There are no other alternate methods of payment for attorneys.**
> Even though this system is now mandatory, a four percent (4%) "convenience fee" is added to each court cost charged. Under those new administrative policies, the clerk was to document "in the usual manner" the receipt of the four percent (4%) which "may" be taxed as costs under Rule 41. Additionally, as of October 1, 2012, if the clerk maintains a complete copy of the case file in electronic format, no duplicate paper copy is required to be maintained. **These fees have never been approved by act of the Alabama legislature as court cost.**
> 17. As a result, under the current procedures, attorneys practicing in the civil courts of the state of Alabama **are**

> **required to efile documents and are further required** to pay court costs by credit or debit card **to which a four percent (4%) convenience is added...**
> (Doc. 32 ¶¶ 16, 17 )

In its Memorandum Opinion, the Court cited *Leib v. Hillsborough County Public Tansp. Com'n,* 558 F.3d 1301, 1306 (11th Cir. 2009), "If a law treats individuals differently on the basis of race or another suspect classification, **or if the law impinges on a fundamental right,** it is subject to strict scrutiny." **(Emphasis added)**. As seen above, the Plaintiff alleged that the additional fees do infringe on his fundamental right to access the court and that this impediment is imposed only on civil attorneys. Nevertheless, the Court found that "Plaintiff has not alleged facts sufficient to state a claim for the denial of his right of access to courts" (Doc 48 pg. 6) and cited *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005) as support for its assertion. In *Woodward,* however, the litigant ***in advance of the litigation*** deposited funds required by the clerk. Thereafter, for access to the court, the clerk charged only the legal court cost. But then, the clerk also drew out additional money from the previously deposited funds. The additional money was alleged to be in violation of state statutes and a denial of access to the courts. The Fifth Circuit found those funds ***had already been confiscated*** and did not constitute a denial of access to the Courts. In this case, however, each access to the court requires contemporaneous fees to On-Line which are mandatory, illegal and are "taken" from civil attorneys whenever the attorney files a document with the court. This "taking" occurs every time a civil attorney files a court document and is a threshold requirement to access the court. This impediment to a fundamental right is the basis for Plaintiff's equal protection claim. To suggest that because those who have paid this illegal charge have not been denied access, misses the

point of this illegal impediment. Otherwise, how large an illegal charge would be necessary for such a claim? If the illegal charge was enormous and a litigant was still capable of paying, is there still no impediment or claim? Obviously, such questions of degree would erode any protection. "Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation**."** *Jackson v. Procunier*, 789 F.2d at 310.

The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution. In *Chambers v. Baltimore & Ohio Railroad,* 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907), the Supreme Court characterized this right of access in the following terms:

> The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution.

207 U.S. at 148, 28 S.Ct. at 35. (citations omitted).

Despite Plaintiff's allegation that this fundamental right was infringed and the facts showing the nature of that infringement, the Court's order declined higher scrutiny and concluded that rational basis is the proper standard for review of Plaintiff's claim. Then, with discovery stayed, further determined that a rational basis existed.

In that discussion, the Court's order limited the equal protection comparison to *pro se* litigants and criminal attorneys who are not required to pay the On-Line fees. From this, the order concluded that "Different treatment of dissimilarly situated persons does not

violate the Equal Protection Clause." (Doc. 48 pg. 6). No reason is suggested that a *pro se* litigant using the same court system in the same manner but with less experience than an attorney would be exempt from these fees.

A proper analysis of whether the comparators are similarly situated with civil attorneys would require discovery and should not be the subject of a motion to dismiss. The Court improperly analyzed Plaintiff's allegations of denial of access to the court. Therefore, Plaintiff requests that the Court reverse its order granting dismissal of his procedural due process claim, or, in the alternative, dismiss the claim without prejudice so Plaintiff's claim may be assessed on its merits.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon consideration of this motion, the Court will reconsider its order of dismissal with prejudice pertaining to plaintiff's claims for denial of due process and equal protection and for such other, further and more general relief to which he is entitled under these premises.

RESPECTFULLY SUBMITTED,

/s G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com

/s Alexandria Parrish
Alexandria Parrish
ASB-2477-D66P
Attorney for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101

Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: ap@evanslawpc.com

/s D. Lee Hodges
D. Lee Hodges
ASB-1843-E34D
Attorney for the Plaintiffs
205 North 20th Street, Suite 715
Birmingham, Alabama 35203
Telephone: (205) 251-6306
Fax: (205) 250-7057
E-Mail deanleehodges@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of November, 2013, I electronically filed the foregoing Motion for Reconsideration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke
Mary Ann Couch
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

Luther Strange, Attorney General
William G. Parker, Jr.
Laura E. Howell
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130

s/ G. Daniel Evans
G. Daniel Evans