IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK ERDBERG,** | } |
| **Plaintiff,** | } |
| v. | }   Case No.:   2:12-CV-3883-RDP |
| **ON LINE INFORMATION SERVICES, INC., et al.,** | } |
| **Defendants.** | } |

## ORDER

This matter is before the court on Plaintiff's Motion to Alter or Amend.  (Doc. # 55). Plaintiff requests that the court reconsider its earlier decision dismissing Plaintiff's federal claims and either allow his due process and equal protection claims to proceed, or at least make their dismissal without prejudice.  (Docs. # 55, 58).  Notably, Plaintiff does not seek to alter or amend the court's decision on Count Three - Federal Preemption of Legal Tender claim, or Count Four - Violation of Interstate Commerce claim.  (Docs. # 55, 58).

Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed.R.Civ.P. 59(e).  *Serrano v. U.S.*, 411 Fed.Appx. 253, 254 (11th Cir. 2011) (citing Fed.R.Civ.P. 59(e)). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."  *Jacobs v. Tempu-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Reconsideration is "an extraordinary remedy which must be used sparingly." *Jackson v. Wesley*, 2011 WL 2144696, *1 (M.D. Fla. May 31, 2011).   The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling.  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the

entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)

The court notes initially that Plaintiff has not presented any newly discovered evidence. (Docs. # 55, 58). And, in large part, rather than pointing out alleged clear errors of law, Plaintiff has attempted to relitigate arguments that the court previously considered, or raise arguments that were not, but could have been, made previously.

In addition, Plaintiff has still failed to establish that he has a viable section 1983 due process claim. A procedural due process claim that fails to allege either (1) that a plaintiff attempted to use the allegedly defective procedures or (2) *facts* to establish how those procedures are inadequate fails to state a claim. *American Federation of Labor and Congress of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011). Without question, Plaintiff's second attempt at stating such a claim failed to allege either that he used the procedures at issue or any facts showing that the procedures were inadequate. Therefore, his procedural due process claim was properly dismissed.

At this late date, Plaintiff now argues that his due process claim also embodied a substantive element. It did not, but even if it did the argument fails for at least three other reasons. First, a substantive due process claim, if included in Count One, would have placed Plaintiff's Amended Complaint in direct contravention of this court's order (and the Eleventh Circuit's admonition) related to "shotgun pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (discouraging consideration of shotgun pleadings where a plaintiff asserts multiple claims for relief in single counts). A procedural due process claim is

distinct from a substantive due process claim, and therefore, if asserted, should have been advanced in a separate count of the amended pleading.

Second, as the court noted in its Memorandum Opinion dismissing this case, "Plaintiff's due process claim is a procedural one.  (Doc. # 32 at 13-14; Doc. # 36 at 8).  He does not contend that he has stated a substantive due process claim.  (Doc. # 40 at 2-5)."  (Doc. # 48 at p. 4, n. 1). Indeed, Count One of Plaintiff's Amended Complaint reads in its entirety as follows:

Count One

DENIAL OF DUE PROCESS

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

42.    On-line, acting under color of state law and in conjunction with AOC, systematically deprived the plaintiffs, and those similarly situated, of their property rights without due process and in violation of Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. ' 1983.

43.    The plaintiffs aver that On-Line, acting under color of state law jointly with AOC, violated their Constitutional right to due process as guaranteed by the United States Constitution by requiring that all civil cases be e-filed with court costs being paid only by one of only three approved credit/debit cards and by then automatically taking additional fees for access to the court system based upon the mandatory use of credit/debit card payment.

44.    This unlawful taking was without legal support, in violation of state statute, state constitutional provisions, judicial rules, and denied due process to the plaintiffs under 42 U.S.C. ' 1983.

45.    As a proximate consequence of these Constitutional and other violations, the plaintiffs suffered injuries.

(Doc. #32 at pp. 13-14).  Nothing in that language even hints at a substantive due process claim. There is no mention of any First Amendment right to petition for redress of grievances.  Rather, Count One is grounded in an alleged taking of a property right without due process of law.  (See *id*. at ¶¶ 42-44).

3

Finally, Plaintiff never advanced this argument before dismissal of his claims, despite the fact that it could have and should have been made previously.  It does not rely upon any new evidence or intervening events.

As to Plaintiff's equal protection claim, Plaintiff again argues that a fundamental right was at issue and, therefore, the court should have applied a strict scrutiny standard of review.[1]  In particular, Plaintiff argues that his right to access to the courts was at issue.   However, Plaintiff did not allege that the fees at issue delayed his access to the courts or deprived him of that right in any way.  Therefore, Plaintiff failed to allege he was denied a fundamental right and the court properly applied a rational basis standard of review and properly dismissed the claim.   Moreover, as to the court's conclusion that Plaintiff failed to allege that he was treated differently other "similarly situated" persons, Plaintiff simply asserts that he should have been entitled to discovery on this issue.

To survive Defendants' Motion to Dismiss, the allegations of Plaintiff's Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The court's judicial experience and common sense enabled it to draw the obvious conclusion that attorneys in civil cases are not similarly situated to  *pro se* litigants and attorneys in criminal matters. However, this conclusion was not in fact necessary to the court's decision and, in any event, Plaintiff has not sufficiently alleged he was deprived of any fundamental right.

For the foregoing reasons, Plaintiff's Motion to Alter or Amend (Doc. # 55) is **DENIED**.

---

[1] Plaintiff made this argument previously and the court rejected it.

**DONE** and **ORDERED** this December 10, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE